IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CECIL DORTCH,
      Petitioner,

v.                                   Case No.  3:05cv21/RV/MD

JAMES V. CROSBY,
      Respondent.

_____

## REPORT AND RECOMMENDATION

      Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  (Doc. 1).  Respondent filed an answer, submitting relevant portions of the state court record.  (Doc. 7).  Petitioner has filed a reply.  (Doc. 11).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues raised by petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that petitioner is not entitled to relief, and that the petition is without merit and should be denied.

## BACKGROUND AND PROCEDURAL HISTORY

      On February 15, 2001 petitioner was charged in the Circuit Court of Escambia County, Florida, case number 01-377, with possession of cocaine with intent to sell or deliver in violation of Fla. Stat. § 893.13(1)(a) (Count 1), and possession of cocaine in violation of Fla. Stat. § 893.13(6)(a) (Count 2).  (Doc. 9, Ex. A).[1]  Thereafter, the State nolle prossed Count 2.  (Ex. B, p. 26).  The case proceeded to trial, and the jury

_____

[1]Hereafter all references to exhibits will be to those provided at Doc. 9 unless otherwise noted.

returned a verdict of guilty as charged.  (Ex. C).  Petitioner was sentenced to seven years imprisonment.  (Exs. F & G).

On direct appeal petitioner presented four issues, one of which was that the trial court erred in denying his motion for judgment of acquittal because the State failed to prove all of the elements of the charged offense.  (Ex. K).  In an opinion issued March 21, 2003, the Florida First District Court of Appeal ("First DCA") stated that it "agreed with [petitioner] that the trial court should have granted his motion for judgment of acquittal because the evidence (viewed in a light most favorable to the State) was legally insufficient to establish the essential element of intent to sell." (Ex. N, pp. 1-2).  The court concluded that petitioner's remaining arguments were without merit.  Relying on Florida Statutes § 924.34, the court reversed petitioner's conviction for possession of cocaine with intent to sell or deliver and remanded with directions that the trial court enter judgment for the lesser offense of possession of cocaine and resentence petitioner accordingly.[2]  The court affirmed in all other respects.  (*Id.*, p. 2); *Dortch v. State*, 848 So.2d 1159 (Fla. 1st Dist. Ct. App. 2003). Petitioner filed a motion for rehearing in which he argued that discharge was the proper remedy.  (Ex. O).  The First DCA denied the motion without written opinion on April 17, 2003.  (Ex. P).

Petitioner then filed in the trial court an objection to resentencing and a motion to dismiss based on the arguments raised in his motion for rehearing.  (Ex. R).  The trial court denied the motion, adjudged petitioner guilty of possession of cocaine, and resentenced petitioner to 48 months imprisonment to run consecutive to any state prison sentence petitioner was then serving.  (Exs. T & U).  Petitioner appealed, arguing that his conviction and sentence violated the Double Jeopardy

---

[2]Section 924.34 provides:

When the appellate court determines that the evidence does not prove the offense for which the defendant was found guilty but does establish guilt of a lesser statutory degree of the offense or a lesser offense necessarily included in the offense charged, the appellate court shall reverse the judgment and direct the trial court to enter judgment for the lesser degree of the offense or for the lesser included offense.

Clause.  (Ex. W).[3]  The First DCA affirmed without written opinion.  *Dortch v. State*, 888 So.2d 626 (Fla. 1st Dist. Ct. App. 2004) (Table) (copy at Ex. Z).  Petitioner's motion for rehearing was denied on December 28, 2004.  (Exs. AA & CC).

Petitioner filed the instant federal habeas petition on January 24, 2005.  He raises one claim: "The First District Court of Appeal violated petitioner's constitutional right, to wit, subjection to successive prosecution and punishment, under the Double Jeopardy Clause of the Fifth Amendment, when it resentenced petitioner to a lesser included offense not instructed upon at trial, after acquitting petitioner on appeal for an underlying charge, because of insufficient evidence."  (Doc. 1, p. 4a).  Respondent concedes the petition is timely and that petitioner exhausted his state remedies.  (Doc. 9, pp. 4-6).

## STANDARD OF REVIEW

Section 2254(a) of Title 28 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States.  As the instant petition was filed after April 24, 1996, it is subject to the more deferential standard for habeas review of state court decisions under § 2254 as brought about by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Pub.L. 104-132, § 104, 110 Stat. 1214, 1218-19.  In relevant part, section 2254(d) now provides:

---

[3]Petitioner argued as follows:

[T]he finding by this Court that the evidence was insufficient to support the conviction is tantamount to vacating the conviction. (Citation omitted).  Section 924.34, Fla. Stat. (2000) directs the appellate court, in such an instance, to "retry" the case itself rather than remand for a new trial when the evidence would clearly support a conviction on a lesser included offense.  This Statute does not take into account the actions of the State and, in the instant case, amounts to subjecting the defendant to a second prosecution in violation of his rights against Double Jeopardy.

(Ex. W, p. 9).  Petitioner concluded by urging the First DCA to "find that the State waived the right to have Section 924,34, Fla. Stat. (2000) applied to the charge of Possession of Cocaine with Intent to Sell or Deliver by its nol pros of a Possession of Cocaine charge and/or failure to exercise the right to have the jury instructed on the lesser included offense of Possession of Cocaine, and discharge the Defendant. . . ."  (*Id.*, p. 10).

**(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–**

> **(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or**
>
> **(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.**

**28 U.S.C.A. § 2254 (2002).**

**The United States Supreme Court explained the framework for § 2254 review in *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). The appropriate test was described by Justice O'Connor as follows:**

> **In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.**

**120 S.Ct. at 1523 (O'Connor, J., concurring). Under the test just described a habeas court does not examine the State court's ruling to see if it is correct, but examines it only to see if it is reasonable. More recently, in *Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003), the Supreme Court instructed that, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal State court proceeding, the federal court should first ascertain the "clearly established Federal law," namely, "the governing legal**

principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." *Id.*, 123 S.Ct. 1172.   The law is "clearly established" if Supreme Court precedent at the time "would have compelled a particular result in the case." *Neelley v. Nagle*, 138 F.3d 917, 923 (11th Cir. 1998).

Next, the court must determine whether the State court adjudication is contrary to the clearly established Supreme Court case law, either because "'the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or because 'the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] [Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.'" *Lockyer,* 123 S.Ct. at 1173 (quoting *Williams v. Taylor*, 529 U.S. at 405-06, 120 S.Ct. at 1519-20).  The Supreme Court has clarified that "[a]voiding these pitfalls does not require citation to our cases--indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."  *Early v. Packer*, 537 U.S. 3, 8, 123 S.Ct. 362, 365, 154 L.Ed.2d 263 (2002) (quoting *Williams*, 529 U.S. at 405-06).  If the State court decision is found in either respect to be contrary, the district court must independently consider the merits of the petitioner's claim.

If on the other hand, the State court applied the correct Supreme Court precedent and the facts of the Supreme Court cases and the petitioner's case are not materially indistinguishable, the court must go to the third step and determine whether the State court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases.  The standard for an unreasonable application inquiry is "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams,* 529 U.S. at 409, 120 S.Ct. at 1521. Whether a State court's decision was an unreasonable application of legal principle must be assessed in light of the record the court had before it.  *Holland v. Jackson*, --- U.S. ---, 124 S.Ct. 2736, 2737-38, 159 L.Ed.2d 683 (2004) (per curiam); *cf. Bell v. Cone*, 535 U.S. 685, 697, n. 4, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision was

contrary to federal law).  An objectively unreasonable application of federal law occurs when the State court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context."  *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001); *see also Carr v. Schofield*, 364 F.3d 1246, 1250 (11th Cir. 2004) (A state court decision involves an unreasonable application of clearly established Federal law if the State court decision "identifies the correct governing Supreme Court legal principle . . . but . . . 'refuses to extend the governing principle to a context in which the principle should have controlled.'" (quoting *Ramdass v. Angelone*, 530 U.S. 156, 166, 120 S.Ct. 2113, 2120, 147 L.Ed.2d 125 (2000))).

Section 2254(d)(1) requires more than mere error, and more even than clear error on the part of the State court before federal habeas relief may be issued.  *E.g., Mitchell v. Esparza*, 540 U.S. 12, 124 S.Ct. 7, 12, 157 L.Ed.2d 263 (2003) ("We may not grant respondent's habeas petition, however, if the state court simply erred. . . ."); *Lockyer, supra*, 538 U.S. at 75, 123 S.Ct. at 1175 ("The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness."); *Early v. Packer*, 537 U.S. at 11, 123 S.Ct. at 366 (State court "decisions which are not 'contrary to' clearly established Supreme Court law can be subjected to habeas relief only if they are not merely erroneous, but 'an unreasonable application' of clearly established federal law. . . ."); *Williams, supra*, 529 U.S. at 410-12, 120 S.Ct. at 1522-23 (The State court's incorrect or erroneous application of clearly established law will be held to be reasonable and not warrant a writ so long as the State court adjudication results in a "satisfactory conclusion.").

Only if the federal habeas court finds the State court decision to be contrary to, or an unreasonable application of, clearly established Supreme Court law does it take the final step of conducting an independent review of the merits of the petitioner's claims.  *Neelley*, 138 F.3d 917.  Even so, the writ still will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States."  28 U.S.C. § 2254(a).

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in State court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).  The Supreme Court has clarified that:  "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockrell*, 537 U.S. 322, 123 S.Ct. 1029, 1041, 154 L.Ed.2d 931 (2003) (dictum).

When performing its review under § 2254(d), the federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); *see also Crawford v. Head*, 311 F.3d 1288 (11th Cir. 2002) (explaining that the new statute provides for a "highly deferential standard of review" for factual determinations made by a state court); *Jackson*, 112 F.3d at 824-25 (noting that the new statute places a heavier burden on petitioner to overcome the presumption of factual correctness).

## DISCUSSION

_____Petitioner claims he was subjected to "successive prosecution and punishment" in violation of his rights under the Double Jeopardy Clause when, after reversing his conviction of possession of cocaine with intent to sell or deliver for insufficient evidence, the First DCA directed the trial court to enter judgment and resentence him to the lesser included offense of simple possession which, petitioner claims, was not instructed upon at trial.  Petitioner argues that the First DCA's reversal of his original conviction and sentence on the grounds of insufficient evidence constituted an acquittal, "therefore barring a second conviction and sentence without the jury being afforded the opportunity to be presented with the appropriate charging instructions."  (Doc. 1, p. 4d).

_____A.      Clearly Established Federal Law

"The Double Jeopardy Clause of the Fifth Amendment provides that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.'" *Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 306, 104 S.Ct. 1805, 1812, 80 L.Ed.2d 311 (1984).  This guarantee is applicable to the states through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).  The Double Jeopardy Clause embodies three separate guarantees: "It protects against a second prosecution for the same offense after acquittal, against a second prosecution for the same offense after conviction, and against multiple punishments for the same offense."  *Justices*, 466 U.S. at 307-08, 104 S.Ct. at 1812 (citation and footnote omitted).  "[T]he bar to retrial following acquittal or conviction ensures that the State does not make repeated attempts to convict an individual, thereby exposing him to continued embarrassment, anxiety, and expense, while increasing the risk of an erroneous conviction or an impermissibly enhanced sentence."  *Ohio v. Johnson*, 467 U.S. 493, 498-99, 104 S.Ct. 2536, 2540, 81 L.Ed.2d 425 (1984) (citations omitted).

In the contexts of both multiple punishment and successive prosecution, the double jeopardy bar applies if the two offenses for which the defendant is punished or tried cannot survive the "same-elements" or "*Blockburge*r" test.  *United States v. Dixon*, 509 U.S. 688, 696, 113 S.Ct. 2849, 2856, 125 L.Ed.2d 556 (1993) (citing *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932)). This test "inquires whether each offense contains an element not contained in the other; if not, they are the 'same offence' and double jeopardy bars additional punishment and successive prosecution."  *Dixon*, 509 U.S. at 696, 113 S.Ct. at 2856. Although this court will decide under federal law whether a double jeopardy violation has occurred, it must accept Florida courts' interpretation of that state's own statutes.  *Tarpley v. Dugger*, 841 F.2d 359, 364 (11th Cir. 1988) (citing *Missouri v. Hunter*, 459 U.S. 359, 368, 103 S.Ct. 673, 679, 74 L.Ed.2d 535 (1983)).

Turning to Supreme Court precedent concerning the double jeopardy implications of prosecution for a lesser included offense following appellate reversal

for insufficient evidence of the greater offense, the undersigned finds that Federal law in this area is not clearly established.  In *United States v. Ball*, 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896), the Supreme Court announced the general rule that the Double Jeopardy Clause does not bar retrial of a criminal defendant who successfully appeals his conviction. 163 U.S. at 672, 16 S.Ct. 1192.  However, in *Burks v. United States*, 437 U.S. 1, 18, 98 S.Ct. 2141, 2150, 57 L.Ed.2d 1 (1978), the Court carved out a narrow exception from this rule.  The defendant in *Burks* was charged with robbery of a federally insured bank by use of a dangerous weapon.  At trial he advanced an insanity defense.  He was convicted in the district court; however, on appeal the Sixth Circuit held that there was insufficient evidence to support the finding that Burks was sane at the time of the robbery.  The appellate court remanded the case back to the district court for a new trial.  The Supreme Court held that these remand instructions were improper.  The Court began its analysis by reaffirming the general rule set forth in *Ball*.  It acknowledged that its double jeopardy cases following *Ball* "can hardly be characterized as models of consistency and clarity," and then overruled many of its prior decisions to clarify the distinction between the double jeopardy effects of appellate reversal for trial error and appellate reversal for insufficient evidence.[4]  Addressing reversal for evidentiary insufficiency, the Court acknowledged that its prior rule which permitted appellate courts to order whatever remedy was "appropriate" following reversal for insufficient evidence (including remanding for a new trial) conflicted with a fundamental purpose of the Double Jeopardy Clause.  "The Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding." *Id.* at 11, 98 S.Ct. at 2147.  The Court developed a narrow exception to the rule of *Ball*, holding that the Double Jeopardy Clause precludes a second trial for an alleged

---

[4]"[R]eversal for trial error, as distinguished from evidentiary insufficiency, does not constitute a decision to the effect that the government has failed to prove its case. . . . Rather, it is a determination that a defendant has been convicted through a judicial process which is defective in some fundamental respect." *Burks*, 437 U.S. at 15.

offense once a reviewing court has determined that the evidence introduced at trial was insufficient to sustain the jury's verdict. *Id.* at 18, 98 S.Ct. at 2150.

In a companion case, the Supreme Court applied the *Burks* exception to a state criminal proceeding. *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978). In *Greene*, the defendant was convicted of first-degree murder. His conviction was reversed on appeal and remanded for a new trial. Greene was then retried and convicted of first-degree murder. The Supreme Court determined that it was unclear on what grounds the first conviction was reversed (trial error versus insufficient evidence), and remanded the case for reconsideration by the court of appeals. In doing so, the Court instructed that if the reversal was based on insufficient evidence, "the reasoning enunciated in *Burks* would obviously compel the conclusion that Greene's second trial [for first-degree murder] violated the Double Jeopardy Clause." *Greene*, 437 U.S. at 24, 98 S.Ct. at 2154. In a footnote, however, the Court observed that arguably the opinion reversing the first conviction "might be read as meaning that although there was insufficient evidence to convict the defendants of 'murder in the first degree,' there was nonetheless evidence to support a conviction for a lesser included offense, *e.g.*, second-degree murder." 437 U.S. at 25 n.7, 98 S.Ct. 2151. The Court expressly declined to reach the question of whether the *Burks* exception would apply in that context to bar a subsequent prosecution for a lesser included offense:

> Given our decision to remand this case for reconsideration by the Court of Appeals, we need not reach the question of whether the State could, consistent with the Double Jeopardy Clause, try Greene for a lesser included offense in the event that his first-degree murder conviction is voided.

*Id.* The undersigned concludes that this express reservation in *Greene* leaves a "gap" in Supreme Court precedent concerning the double jeopardy implications of prosecution for a lesser included offense following appellate reversal for insufficient evidence of the greater offense.[5]

---

[5]Although in *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), the Supreme Court held that double jeopardy generally forbids excessive prosecutions and cumulative punishments for greater and lesser included offenses, this broad pronouncement does not control the result in this case. *Brown* did not involve a defendant whose conviction was reversed on appeal.

Subsequent to *Burks* and *Greene*, the Supreme Court stressed the limited scope of the *Burks* exception, emphasizing that it "carved a narrow exception from the understanding that a defendant who successfully appeals a conviction is subject to retrial," and that the exception rests upon two closely related policies. *Tibbs v. Florida*, 457 U.S. 31, 40, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). The first is that "a reversal based on insufficiency of the evidence has the same effect as a judgment of acquittal, to which the Double Jeopardy Clause attaches special significance, because both mean that no rational finder of fact could have voted to convict the defendant on the evidence presented." *Beverly v. Jones*, 854 F.2d 412, 415 (11th Cir. 1988) (citing *Tibbs*, 457 U.S. at 41-42, 102 S.Ct. at 2217-18). The second is that "the prosecution should not be afforded another opportunity to supply evidence it failed to muster in the previous trial." *Id.*

B.      Review of State Court Decision

The court's inquiry begins with the threshold issue of whether possession of cocaine is the "same offense" for double jeopardy purposes as possession of cocaine with intent to sell or deliver. The parties appear to agree that they are the

---

Rather, the defendant in *Brown* was convicted of a lesser offense and, upon serving his sentence and being released from jail, was subjected to prosecution for the greater offense. In that context the Court stated:

> As is invariably true of a greater and lesser included offense, the lesser offense -- joyriding -- requires no proof beyond that which is required for conviction of the greater auto theft. The greater offense is therefore by definition the "same" for purposes of double jeopardy as any lesser included in it.

*Id.*, 432 U.S. at 168. The Court concluded that the Double Jeopardy Clause prohibited the successive prosecution. That conclusion, the Court stated, "merely restates what has been this Court's understanding of the Double Jeopardy Clause at least since *In re Nielsen* was decided in 1889. . . . that 'where . . . a person has been tried and convicted for a crime which has various incidents included in it, he cannot be a second time tried for one of those incidents without being twice put in jeopardy for the same offense.'" *Brown*, 432 U.S. at 168 (quoting *Nielsen*, 131 U.S. 176, 188, 9 S.Ct. 672, 676, 33 L.Ed. 118 (1889)). Acknowledging that the *Nielsen* case involved a conviction for the greater offense followed by conviction for the lesser offense, the *Brown* Court nevertheless declared: "Whatever the sequence may be, the Fifth Amendment forbids successive prosecution and cumulative punishment for a greater and lesser included offense." *Id.* at 169. Significantly, however, at the outset of its analysis the *Brown* Court explicitly stated: "[w]e are not concerned here with the double jeopardy questions that may arise when a defendant is retried on the same charge . . . after a conviction is reversed on appeal." *Id.* at n.5 (citing *United States v. Ball, supra*).

"same offense" for double jeopardy purposes.[6]  Indeed, Florida courts have found that all of the elements of simple possession of a controlled substance are contained in the offense of possession with intent to sell such a substance, so that under double jeopardy principles a defendant cannot be convicted for possessing, and for possessing with intent to sell, the same quantity of a controlled substance. *See* Fla. Stat. §§ 893.13(1)(a) & (6); Fla. Std. Jury Instr. (Crim.) 25.2; *C.P. v. State*, 505 So.2d 616 (Fla. 3rd Dist. Ct. App. 1987) (holding that under double jeopardy principles, juvenile's convictions for possessing, and for possessing with intent to sell, same quantity of less than 20 grams of cannabis, could not stand.), *decision approved*, 515 So.2d 982 (Fla. 1987); *Williams v. State*, 464 So.2d 624, 625 (Fla. 2nd Dist. Ct. App. 1985) ("In this case, all of the elements of the simple possession offense are contained in the elements of the possession with intent to sell offense.  Therefore, they are not separate offenses and convictions for both are prohibited."); *Murray v. State*, 464 So.2d 622, 623 (Fla. 2nd Dist. Ct. App. 1985) (same); 16A FLA. JUR 2d *Criminal Law* § 4313 (2005); *cf. Wilcox v. State*, 675 So.2d 1043 (Fla. 4th Dist. Ct. App. 1996) ("Patently, one cannot be convicted of possession with intent to sell under section 893.13(1)(a) if all the elements of possession are not met.").  Because under Florida law simple possession requires no proof beyond that which is required for conviction of possession with intent to sell or deliver, the two offenses are considered the "same offense" for double jeopardy purposes.

The narrow issue before this court is whether the state court's decision that the Double Jeopardy Clause did not bar imposition of petitioner's conviction for the lesser included offense of possession of cocaine after reversal of petitioner's conviction of possession of cocaine with intent to sell or deliver based solely and expressly upon a finding of insufficient evidence as to the element distinguishing the two offenses, was contrary to, or involved an unreasonable application of, clearly

---

[6]Respondent concedes that the two offenses cannot survive the "same elements" test.  *See* doc. 7, p. 8 ("[T]he jury was instructed and necessarily had to find Petitioner guilty of the necessarily lesser included offense of possessed the cocaine in order to convict him of possession with intent to sell or deliver.").  Moreover, the parties do not dispute that the underlying facts which gave rise to petitioner's prosecution for possession of cocaine with intent to sell or deliver are the sole basis for petitioner's conviction of simple possession of cocaine.

established Supreme Court precedent.[7]  The undersigned answers both questions in the negative.

The "gap" left by the Supreme Court's reservation in *Green*e disposes of petitioner's argument under the "contrary to" clause of § 2254(d)(1).  The Eleventh Circuit has recognized that "where no Supreme Court precedent is on point, 'we cannot say the state court's conclusion . . . is contrary to clearly established Federal law as determined by the U.S. Supreme Court.'" *Washington v. Crosby*, 324 F.3d 1263, 1265 (11th Cir.), *cert. denied*, 540 U.S. 965, 124 S.Ct. 429, 157 L.Ed.2d 309 (2003) (quoting *McIntyre v. Williams*, 216 F.3d 1254, 1258 (11th Cir. 2000)).  In neither the state court nor here has petitioner cited any Supreme Court precedent that has held that appellate court modification of a judgment to an LIO (or, as in this case, appellate court remand with directions to modify) after finding insufficient evidence of the element that distinguishes the greater offense from the necessarily lesser included offense, violates the Double Jeopardy Clause.  Accordingly, this court cannot conclude that the state court's decision was "contrary to" clearly established Federal law as determined by the Supreme Court.

The next question is whether the state court's decision was objectively unreasonable.  Although § 2254(d)(1) is concerned only with Federal law as clearly established by the Supreme Court, this court may look to circuit precedent to demonstrate reasonable applications of Supreme Court precedent.  *Van Poyck v. Fla. Dep't of Corrections*, 290 F.3d 1318, 1322 n. 4 (11th Cir. 2002).

In *Beverly v. Jones, supra*, the Eleventh Circuit addressed the "gap" left by the Supreme Court's reservation in *Greene*.  The defendant in *Beverly* was convicted in an Alabama court of intentional killing during the course of a robbery.  The state appellate court reversed the conviction based on "the total lack of proof of all the essential elements of common law robbery." *Id.* at 413 (internal quotation marks omitted).  Beverly was reindicted and convicted of the lesser included offense of first degree murder.  After his conviction was affirmed on appeal, Beverly filed a federal

---

[7]The court considers this question in light of both the First DCA's conclusion that the evidence presented to the jury satisfied the requirements for the lesser offense and its statutory authority to impose a conviction on the lesser offense without further process.

habeas petition raising double jeopardy arguments. Relying primarily on *Burks, supra*, Beverly argued that the appellate reversal of his conviction on the greater offense based on evidentiary insufficiency constituted an acquittal on that offense and on all the lesser offenses included therein, including murder.  *Beverly*, 854 F.2d at 415.  The Eleventh Circuit disagreed, finding that the policies supporting the narrow *Burks* exception were not implicated in Beverly's case:

> The Court of Criminal Appeals' reversal of Beverly's second conviction for robbery when the victim is intentionally killed did not constitute a decision that the State failed to prove beyond a reasonable doubt the lesser included offense.  In fact, the court explicitly limited its finding of insufficient evidence to common law robbery when it stated that "[t]he deficiency in this particular case is not a mere insufficiency of the evidence but rather the total lack of proof of all the essential elements of common law robbery as charged in the indictment."  The jury was instructed on the lesser included offense of murder, and common sense dictates that they necessarily found Beverly guilty of that offense by returning a guilty verdict on the greater offense.  Since no state appellate court has declared that the evidence that Beverly murdered Scott Deroo was insufficient to support the jury's verdict, Beverly's claim that he has been acquitted of murder is meritless.
>
> Moreover, this is not a case in which the State was presented with multiple opportunities to convict and punish an individual for a single offense; rather, quite the opposite is true.  At his request, Beverly was given another chance to rebut the State's evidence that he committed the murder even though the State had already obtained a conviction for that offense.
>
> Furthermore, Beverly was not subjected to the threat of any greater punishment than he would have received had the Alabama Court of Criminal Appeals rendered judgment on the lesser included offense of murder and remanded the case to the trial court for sentencing, a procedure approved by this court's predecessor and the courts of Alabama despite double jeopardy objections. *See e.g., Theriault v. United States*, 434 F.2d 212, 214 (5th Cir. 1970).  It is difficult to imagine, therefore, how Beverly's second chance at acquittal could be constitutionally infirm when a remand for sentencing would not have been.

*Beverly*, 854 F.2d at 415-16 (citations and footnotes omitted).

Similarly, the instant case implicates neither of the policies underlying the exception articulated in *Burks*.  The state appellate court's reversal of petitioner's

conviction for possession of cocaine with intent to sell or deliver did not constitute a decision that the State failed to prove beyond a reasonable doubt the lesser included offense of possession of cocaine.  In fact, the appellate court explicitly limited its finding of insufficient evidence to only the element of intent to sell -- the element distinguishing possession with intent to sell from simple possession. Simple possession is an offense that is necessarily included in the offense for which petitioner was first convicted; therefore, *a fortiori* the jury had to have found all the elements of possession of cocaine, in addition to the elements that resulted in a guilty verdict concerning the greater and overturned offense of possession of cocaine with intent to sell or deliver.  *See e.g., Morris v. Mathews*, 475 U.S. 237, 245, 106 S.Ct. 1032, 1037, 89 L.Ed.2d 187 (1986) (jury which found defendant guilty of greater offense of aggravated murder did not acquit of lesser charge but, *a fortiori*, found defendant guilty of the lesser offense of murder as well.).

Furthermore, this is not a case in which the State was presented with multiple opportunities to convict and punish petitioner for a single offense; rather, the appellate court avoided a second jeopardy by remanding with directions for the trial court to modify the judgment to possession of cocaine.  This averted the double jeopardy issue altogether.  The entry of conviction on simple possession was logical because there was no guesswork about what the jury must have concluded. Because simple possession necessarily contains a subset of the elements of possession with intent to sell or deliver, it was appropriate and common sense to order conviction on the lesser charge when the evidence supported the lesser offense.

It is noted that state and federal appellate courts have long exercised the power to modify a criminal judgment on appeal by entering judgment for conviction of a lesser included offense.  *See Gov't of Virgin Islands v. Josiah*, 641 F.2d 1103, 1108 (3rd Cir. 1981) ("When the evidence is insufficient to support the greater offense, but sufficient to support a conviction on the lesser-included offense, an appellate court may vacate the sentence and remand for entry of judgment of conviction and resentencing under the lesser-included offense.") (citing cases); *Austin v. United States*, 382 F.2d 129, 140-42 (D.C. Cir. 1967) (representing the typical

federal court conclusion) (collecting cases in extensive discussion), *overruled on other grounds by United States v. Sherod*, 960 F.2d 1075, 1076 (D.C. Cir. 1992); *Dickenson v. Israel*, 482 F.Supp. 1223, 1225 (E.D. Wis. 1980) ("State and federal appellate courts have long exercised the power to reverse a conviction while at the same time ordering the entry of judgment on a lesser-included offense."), *aff'd and opinion adopted*, 644 F.2d 308, 309 (7th Cir. 1981); James A. Shellenberger and James A. Strazzella, THE LESSER INCLUDED OFFENSE DOCTRINE AND THE CONSTITUTION: THE DEVELOPMENT OF DUE PROCESS AND DOUBLE JEOPARDY REMEDIES, 79 Marq. L. Rev. 1, 183-184 (1995) (discussing this appellate procedure and noting that it avoids double jeopardy issues ) (collecting cases).  The usual situation in which this occurs is when the appellate court finds there is insufficient evidence to support the greater offense but sufficient evidence for conviction of a lesser included offense.  *See, e.g., Gov't of Virgin Islands v. Josiah, supra*; *see also United States v. Skipper*, 74 F.3d 608, 611-12 (5th Cir. 1996) (reversing conviction for possession of crack cocaine with intent to distribute on grounds that there was insufficient evidence of intent to distribute, and remanding with instructions to district court to enter judgment of guilt of simple possession and to sentence defendant on that offense); *United States v. Dinkane*, 17 F.3d 1192 (9th Cir. 1994) (remanding with instructions to enter judgment for LIO of unarmed bank robbery); *United States v. Cobb*, 558 F.2d 486, 489 (8th Cir. 1977) (vacating conviction for bank robbery by putting life in jeopardy by means of dangerous weapon (based on insufficient evidence of use of a weapon) and remanding for resentencing and entry of judgment for LIO of bank robbery by force and violence and intimidation).

　　　　Federal appellate courts' authority to order the entry of judgment on the lesser included offense is both statutory, 28 U.S.C. § 2106, and based on the common law. *See* Shellenberger and Strazzella, *supra*, at 184-86; *United States v. Skipper*, 74 F.3d at 612 ("Because the jury necessarily found all of the elements of simple possession in rendering its verdict, we are empowered under 28 U.S.C. § 2106 to reduce [the defendant's] conviction [of possession with intent to distribute] to a [simple possession] conviction."); *Dickenson v. Israel, supra*.  Similarly, in the instant case the authority of the state appellate court to order the entry of judgment on the lesser

included offense was both statutory, Fla. Stat. § 924.34, and based on the common law.

The Supreme Court appears to have accepted the modification practice as nonviolative of double jeopardy. *See Morris v. Mathews*, 475 U.S. at 246-47 (appellate court's modification of judgment by reduction of concededly jeopardy-barred conviction for aggravated murder to a conviction for murder that concededly was not jeopardy-barred was an appropriate and adequate remedy for the double jeopardy violation). A few lower court cases have explicitly turned aside double jeopardy contentions in the course of modification discussions. *See Dickenson v. Israel*, 482 F.Supp. at 1225, 1226-27 (stating "[t]he constitutionality of the practice has never been seriously questioned," and denying habeas relief after concluding that conduct of state supreme court in reversing state prisoner's conviction for armed robbery due to lack of evidence that prisoner was armed and in remanding case to trial court with directions to enter judgment convicting prisoner of lesser included offense of robbery and to resentence him on that charge did not constitute violation of Double Jeopardy Clause where, as indicated by the verdict on the actual charge of armed robbery, the jury found the existence of every element of lesser included offense as well so that, when state supreme court corrected the trial court's error and ordered entry of judgment on robbery charge, it placed prisoner in precisely the same position he would have been in had the error never occurred); *see also Anderson v. Mullin*, 327 F.3d 1148, 1157 (10th Cir. 2003) (state court decision that Double Jeopardy Clause did not bar prosecution for lesser included offense of second degree burglary, which was not charged or included in jury instructions, after reversal of first degree burglary conviction based solely and expressly upon finding of insufficient evidence as to the element distinguishing first and second degree burglary, was not contrary to or an unreasonable application of clearly established Supreme Court precedent; noting that although the state court remanded the charges in toto rather than imposing a conviction for second degree burglary, "numerous courts have upheld an appellate court's entry of judgment on a lesser included offense after a reversal for insufficient evidence of the greater offense."); *United States v. Cavanaugh*, 948 F.2d 405, 415 (8th Cir. 1991) (stating that

if crime at issue were an LIO offense of one for which defendant had been convicted, "resentencing could be summarily implemented on the lesser count without placing the defendants in double jeopardy.") (citing *Morris v. Mathews*); *cf. United States v. Wilson*, 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975).[8]  Based on the foregoing, the undersigned concludes that the state court's denial of relief on petitioner's double jeopardy claim was neither contrary to, nor an unreasonable application of, clearly established Federal law.

Accordingly, it is respectfully RECOMMENDED:

That the petition for writ of habeas corpus (doc. 1) challenging the conviction and sentence in *State of Florida v. Cecil Anthony Dortch*, in the Circuit Court of Escambia County, Florida, case number 01-377, be DENIED and the clerk be directed to close the file.

At Pensacola, Florida this 5th day of July, 2005.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

---

[8]In *Wilson*, the defendant was indicted and prosecuted for embezzling funds of a labor organization.  The jury returned a verdict of guilty, after which the defendant filed various motions including a motion for arrested judgment, a motion for judgment of acquittal and a motion for a new trial.  The trial court dismissed the indictment on non-guilty/innocence grounds (a speedy trial issue), and the Government sought to appeal.  The court of appeals held that the Double Jeopardy Clause barred review.  The United States Supreme Court held that the Double Jeopardy Clause did not bar the appeal, explaining that the Double Jeopardy Clause protects against government appeals only where there is a danger of subjecting the defendant to a second trial for the same offense and, thus, such protection does not attach to the correction of an error of law which would not grant the prosecution a new trial or subject the defendant to multiple prosecution.  "[A] defendant has no legitimate claim to benefit from an error of law when that error could be corrected without subjecting him to a second trial before a second trier of fact."  *Id.*, 420 U.S. at 345, 95 S.Ct.1023.  The Court further explained that an appeal of the ruling at issue could be disposed of without subjecting the defendant to a second trial at the Government's behest--if it was determined that the trial judge erred in dismissing the indictment, there would be no double jeopardy bar to a remedy that imposed a new judgment of guilty.

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  A copy of any objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**